**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| RICHARD R. STAGNONE,<br><br>    Plaintiff,<br><br>v.<br><br>STATE STREET BANK AD TRUST COMPANY, ESHWARA KOPPARTHY, ROBYN SUNDERLAND JD, SAMUEL ISRAEL JD, BHAVANI SHANKAR, LINDA CHILDS, SUNIL KUMAR PATRA, KENDRA THOMAS JD, STATE STREET CONDUCT STANDARDS COMMITTEE (names of individuals not known at this time), YVETTE HOLLINGSWORTH CLARK, JOHN/JANE DOE,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

MOTION TO RECONSIDER ORDER OF DISMISSAL

No. 1:26-cv-10144

Plaintiff Richard Stagnone begs Judge Myong J. Joun to reconsider the Order to Dismiss 1:26-cv-10144 dated March 11, 2026.

Plaintiff requests your reconsideration of the Order to Dismiss 1:26-cv-10144 for the reason that Plaintiff was not notified of the March 6, 2026 Due Date until March 14, 2026.

The Plaintiff received the Court's February 9, 2026 Order by mail on February 13, 2026 (postmarked February 10, 2026). This Order did not contain a Due Date for submission of the amended complaint.

Plaintiff did not receive any other communication regarding a Due Date for the amendment until verbally informed by Defense Counsel during a call we held on March 18, 2026.

Had the plaintiff known of the Due Date, he certainly would have either met it or requested an extension before then.

From a conversation with defense counsel, it is Plaintiff's understanding that a few days after the February 9, 2026 Court Order, the Court issued another Order which contained the Due Date of March 6, 2026.

    Plaintiff was informed of the Due Date Order's existence by defense counsel on March 18, 2026 when we conferred regarding this Motion to Reconsider.

Plaintiff has been informed by defense counsel that their client will oppose this Motion.

The amendment to comply with Complaint format Rules are resulting in a Complaint with about 100 Counts. While I have diligently worked on the amendment, a significant amount of work remains. I hope to leverage the BC Law Clinic for a final review before submission to the Court.

The Plaintiff would request an additional 2 weeks to complete his Complaint amendment.

A more detailed chronology of Plaintiff's activity over the period from February 11, 2026 – present follows.

### Federal Court History

Defendants filed a Notice of Removal on January 14, 2026 in US District Court for the District of Massachusetts.

Defendants stated the following as their rational for Federal jurisdiction:
> "This action is removable pursuant to 28 U.S.C. §§ 1332, 1367, and 1441(a) and (c), on the grounds that this Court has original federal question jurisdiction and supplemental jurisdiction over state law claims." and "The SAC alleges claims for, *inter alia* disability discrimination, retaliation and failure to accommodate in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *etseq.*, and age discrimination in violation of the federal Age Discrimination in Employment Act."

> Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331."

On February 9, 2026 Judge Myong J. Joun issued the following ELECTRONIC ORDER entered re [12] Emergency Motion to Seal Ex. B to Plaintiff's Opposition to Def's Motion to Dismiss and for Sanctions.

> "Plaintiff's request for leave to amend the complaint to drop his federal claims is GRANTED. See Doc. No. [10] at 2. For clarity's sake, the Court also instructs Plaintiff to amend his complaint so that it contains one claim per count."

> **Note:** No Due Date for the amended complaint filing is specified in the February 9, 2026 Order.

On Saturday March 14, 2026, Plaintiff received the Order of Dismissal by US Mail (filed March 11, 2026, postmarked March 12, 2026)
> The Order of Dismissal is the first time Plaintiff was notified there was a Due Date

### FACTS

Plaintiff is not a Court approved user of the CM/ECF Electronic Filing/Notifications System
- As this plaintiff did not expect his civil action to remain in Federal Court for long, he did not pursue Court approval for CM/ECF Filing.

- For all motions and responses to motions, Plaintiff drove into Boston and filed each document in printed paper form.
- It typically requires 3 days for an item mailed from Federal Court to arrive at Plaintiff's home.

The Court Order of February 9, 2026 was postmarked on February 10, 2026

- During a meeting with defendant's attorney to confer on Plaintiff's Motion to Remand at 11 AM on February 11, 2026, plaintiff first learned of Judge Joun's February 9, 2026 Order from the defendant's attorney.
- Defendant's attorney offered to read the Court Order to Plaintiff during that meeting and did so.
- Defendant's attorney went further and emailed Plaintiff the Court provided PDF file of Judge Joun's Order minutes after the meeting concluded.
  - As the Plaintiff's Motion to Remand due date was fast approaching, Plaintiff had to do some research before deciding to allow the Motion to Remand lapse, which ultimately, he did.
- Plaintiff received the printed paper copy of the Order To Amend on Saturday February 13, 2026
- Up until noon on February 11, Plaintiff had been working 100% on his Motion to Remand with assistance from the BC Law Clinic.
- Beginning on the afternoon of February 11, 2026, Plaintiff began working with the BC Law Clinic regarding his Motion to Remand decision and the updates required in order for his Complaint to be compliant with the Court Order.

Boston College Law School Pro Se Assistance

- Plaintiff submitted his request for assistance from the BC Law School Clinic on January 20, 2026.
- Plaintiff received onboarding paperwork and returned it to the BC Law Clinic on January 28, 2026.
- Plaintiff began a dialog with BC Law Clinic student (Ms. Russell) on January 28, 2026 and that dialog continues to this day.
- Plaintiff held a Case Review call with BC Law Clinic (Ms. Russell) on February 19, 2026. Ms. Russell provided additional follow up emails on February 19, 24, and 26th.
  - Plaintiff has received invaluable legal advice and guidance from the BC Law Clinic through February 26, 2026.

Dated: March 23, 2026

Respectfully submitted,

Richard Stagnone, *pro se*
7 Sprague Ave
Holbrook, MA 02343
Phone Number: 781 510-0277
Email Address: rrsvsstatestreet@gmail.com

Signed under pains and penalties of perjury

**Request for Reconsideration Exhibits**

Copy of Order Issued on February 9, 2026 provided to Plaintiff on March 11, 2026

EMAIL Exchange with Judge Joun's Clerk March 14, 2026 and March 16, 2026

Consultation with Defendant Re: Reconsideration of Dismissal on March 18, 2026

Defendant Notice of Intention to Oppose March 18, 2026

No. 24-1499 JOANNE WALSH, Plaintiff, Appellant, v. HNTB CORPORATION, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS March 13, 2026
Pages 1 - 6
I. We start with the timeliness issue. HNTB contends that we cannot hear this appeal because Walsh belatedly filed her notice of appeal.

 Gmail

**Richard Stagnone <rrsvsstatestreet@gmail.com>**

## Re: Consultation regarding my Motion To Remand

**Nadich, Aaron** <anadich@nixonpeabody.com>    Fri, Feb 6, 2026 at 7:23 PM
To: "rrsvsstatestreet@gmail.com" <rrsvsstatestreet@gmail.com>
Cc: "Hernandez, Damaris" <dhernandez@nixonpeabody.com>

Mr. Stagnone,

How about Wednesday at 11am?

Aaron

Sent from my iPhone

> On Feb 6, 2026, at 5:42 PM, rrsvsstatestreet@gmail.com wrote:

> [EXTERNAL E-MAIL]
> Be Aware of Links and Attachments

> Attorney Nadich:

> I would like to confer with you regarding the Motion To Remand which I will file within a week. I am available to confer with you regarding my Motion To Remand. I am not available Tuesday but on Monday, Wednesday or Thursday 10 AM or later, I am flexible on a time to meet.

> I included a draft of my Motion To Remand as an exhibit to my Opposition To your Motion To Dismiss.

> I'll be working on it more but I believe I have already identified my major points.

> Thank You,
> Richard Stagnone


> Sent from myMail for iOS

 Gmail

Richard Stagnone <rrsvsstatestreet@gmail.com>

## RE: Re[3]: Consultation regarding my Motion To Remand

**Nadich, Aaron** <anadich@nixonpeabody.com>  
To: "rrsvsstatestreet@gmail.com" <rrsvsstatestreet@gmail.com>  
Cc: "Hernandez, Damaris" <dhernandez@nixonpeabody.com>

Wed, Feb 11, 2026 at 11:23 AM

I believe it was attached as an Outlook file.  Here it is attached as a PDF.



**Aaron F. Nadich**

**Counsel**

anadich@nixonpeabody.com

T/ +1 401.454.1044  M/ +1 401.340.6514  F/ +1 844.885.9995

Nixon Peabody LLP  
One Citizens Plaza, Suite 500, Providence, RI 02903-1345

LinkedIn | Subscribe

---

**From:** rrsvsstatestreet@gmail.com <rrsvsstatestreet@gmail.com>  
**Sent:** Wednesday, February 11, 2026 11:21 AM  
**To:** Nadich, Aaron <anadich@nixonpeabody.com>  
**Cc:** Hernandez, Damaris <dhernandez@nixonpeabody.com>  
**Subject:** Re[3]: Consultation regarding my Motion To Remand

Attorney Nadich:

Your intentions were good but the execution could use some improvement.

I do not see an attachment….

Richard Stagnone

7 Sprague Ave

Holbrook, MA 02343

781 510-0277

## Nadich, Aaron

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Monday, February 9, 2026 2:29 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:26-cv-10144-MJJ Stagnone v. State Street Bank and Trust Company et al Order on Motion to Seal |

[EXTERNAL E-MAIL]
Be Aware of Links and Attachments

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 2/9/2026 at 2:29 PM EST and filed on 2/9/2026
**Case Name:**       Stagnone v. State Street Bank and Trust Company et al
**Case Number:**    1:26-cv-10144-MJJ
**Filer:**
**Document Number:** 14(No document attached)

**Docket Text:**
**Judge Myong J. Joun: ELECTRONIC ORDER entered re [12] Emergency Motion to Seal Ex. B to Plaintiff's Opposition to Def's Motion to Dismiss and for Sanctions.**

**Plaintiff's request for leave to amend the complaint to drop his federal claims is GRANTED.** *See* **Doc. No. [10] at 2. For clarity's sake, the Court also instructs Plaintiff to amend his complaint so that it contains one claim per count. Instructions on filing a civil action as a pro se plaintiff can be found at the following link: https://www.mad.uscourts.gov/pro-se/step-by-step.htm.**

**Defendant State Street's motion to seal paragraphs 40, 42, and 44 of Plaintiff's Second Amended Complaint in accord with the state court's prior ruling is GRANTED. Doc. No. [12]. Should Plaintiff include these paragraphs in his third amended complaint, he is instructed to seal these paragraphs in their entirety. Defendant's motion for sanctions is DENIED. Doc. No. [12].**

1

**(SKY)**

**1:26-cv-10144-MJJ Notice has been electronically mailed to:**

Aaron F. Nadich    anadich@nixonpeabody.com, bos.managing.clerk@nixonpeabody.com, mryone@nixonpeabody.com

**1:26-cv-10144-MJJ Notice will not be electronically mailed to:**

Richard R. Stagnone
7 Sprague Avenue
Holbrook, MA 02343

2

 Gmail                                              **Richard Stagnone <rrsvsstatestreet@gmail.com>**

## Case 1:26-cv-10144-MJJ

**rrsvsstatestreet@gmail.com** <rrsvsstatestreet@gmail.com>                     Sat, Mar 14, 2026 at 3:53 PM
To: Sophie_Phillips@mad.uscourts.gov, Steve York <Steve_York@mad.uscourts.gov>

Judge Joun's Clerk:

Today I received a letter stating that my Complaint was dismissed because I missed a March 6, 2026 due date.

I was unaware of that deadline, see attachment which makes no mention of a deadline.  As this is my third amended complaint, I'm trying to get everything correct.

I have invested my time getting additional legal advice (February 16 - 18), conducting additional research and now editing the complaint to comply with all the rules.

I expect to complete my amended complaint this coming week and submit it by this Friday.

Would the Judge reconsider the dismissal and allow me that additional time?

Thank You,
Richard Stagnone
7 Sprague Ave
Holbrook, MA 02343
781 510-0277


Sent from myMail for iOS

---

📁 **Stagnone- Order on Motion to Seal.pdf**
    111K

1

 **Gmail**

Richard Stagnone <rrsvsstatestreet@gmail.com>

## RE: Case 1:26-cv-10144-MJJ

**Sophie Phillips** <Sophie_Phillips@mad.uscourts.gov>          Mon, Mar 16, 2026 at 1:40 PM
To: "rrsvsstatestreet@gmail.com" <rrsvsstatestreet@gmail.com>, Steve York <Steve_York@mad.uscourts.gov>

Good afternoon,

Thank you for your email. You are welcome to file a motion for reconsideration and mention how you did not receive the notice of the deadline of 3/6/2026.

Thank you,



*Sophie Phillips*

**Docket Clerk to**

**The Honorable Myong J. Joun**

**The Honorable Magistrate Judge M. Page Kelley**

U.S. District Court, District of Massachusetts

One Courthouse Way, Suite 2300

Boston, MA 02210

☎617-748-9155

**From:** rrsvsstatestreet@gmail.com <rrsvsstatestreet@gmail.com>
**Sent:** Saturday, March 14, 2026 3:54 PM
**To:** Sophie Phillips <Sophie_Phillips@mad.uscourts.gov>; Steve York <Steve_York@mad.uscourts.gov>
**Subject:** Case 1:26-cv-10144-MJJ

**CAUTION - EXTERNAL:**

1

 **Gmail**

Richard Stagnone <rrsvsstatestreet@gmail.com>

---

## Re: RE: My Motion for Reconsideration

**rrsvsstatestreet@gmail.com** <rrsvsstatestreet@gmail.com>    Tue, Mar 17, 2026 at 11:48 AM
To: "Nadich, Aaron" <anadich@nixonpeabody.com>
Cc: "Hernandez, Damaris" <dhernandez@nixonpeabody.com>

Attorney Nadich:

As you know, I was unaware of the judges decision and order until you made me aware of it.

You were kind enough to provide me a copy of it.

My grounds are that I was unaware of the deadline.  The document (attached) mentions no due date.

In addition, I was consulting with the BC Law Clinic and they weren't available till the 3rd week of February and it didn't conclude until February 26th.

I can be available on either day in the afternoon.  Feel free to propose a day and time which works best for you.

Thank You,
Richard Stagnone
7 Sprague Ave
Holbrook, MA 02343
781 510-0277

Tuesday, March 17, 2026 at 11:32 AM -04:00 from Nadich, Aaron <anadich@nixonpeabody.com>:

> Mr. Stagnone,
>
> Your email did not set forth the grounds for your motion for reconsideration.  We would be happy to confer with you to better understand your position.  We are free tomorrow or Thursday between 2:00pm-4:00pm.  Please let us know if you have availability in either of those time frames.
>
> Aaron
>
>  **NP**
>
> **Aaron F. Nadich**
>
> **Counsel**
>
> anadich@nixonpeabody.com
>
> T/ +1 401.454.1044  M/ +1 401.340.6514  F/ +1 844.885.9995
>
> Nixon Peabody LLP
> One Citizens Plaza, Suite 500, Providence, RI 02903-1345
>
> LinkedIn | Subscribe

 Gmail

**Richard Stagnone <rrsvsstatestreet@gmail.com>**

---

## RE: RE: My Motion for Reconsideration

---

**Nadich, Aaron** <anadich@nixonpeabody.com>
To: "rrsvsstatestreet@gmail.com" <rrsvsstatestreet@gmail.com>
Cc: "Hernandez, Damaris" <dhernandez@nixonpeabody.com>

Tue, Mar 17, 2026 at 12:44 PM

Tomorrow at 3:30pm works for us.  We will call you then.

 **NP**

### Aaron F. Nadich

**Counsel**

anadich@nixonpeabody.com

T/ +1 401.454.1044  M/ +1 401.340.6514  F/ +1 844.885.9995

Nixon Peabody LLP
One Citizens Plaza, Suite 500, Providence, RI 02903-1345

LinkedIn | Subscribe

---

**From:** rrsvsstatestreet@gmail.com <rrsvsstatestreet@gmail.com>
**Sent:** Tuesday, March 17, 2026 11:48 AM
**To:** Nadich, Aaron <anadich@nixonpeabody.com>
**Cc:** Hernandez, Damaris <dhernandez@nixonpeabody.com>
**Subject:** Re: RE: My Motion for Reconsideration

Attorney Nadich:

As you know, I was unaware of the judges decision and order until you made me aware of it.

You were kind enough to provide me a copy of it.

My grounds are that I was unaware of the deadline.  The document (attached) mentions no due date.

In addition, I was consulting with the BC Law Clinic and they weren't available till the 3rd week of February and it didn't conclude until February 26th.

1

 **Gmail**                                    **Richard Stagnone <rrsvsstatestreet@gmail.com>**

---

## RE: RE: RE: My Motion for Reconsideration

---

**Nadich, Aaron** <anadich@nixonpeabody.com>                          Wed, Mar 18, 2026 at 5:23 PM
To: Richard Stagnone <rrsvsstatestreet@gmail.com>
Cc: "Hernandez, Damaris" <dhernandez@nixonpeabody.com>

Mr. Stagnone,

We do not assent to your motion.

Aaron

 **NP**        **Aaron F. Nadich**

**Counsel**

anadich@nixonpeabody.com

T/ +1 401.454.1044  M/ +1 401.340.6514  F/ +1 844.885.9995

Nixon Peabody LLP
One Citizens Plaza, Suite 500, Providence, RI 02903-1345

LinkedIn | Subscribe

---

**From:** Richard Stagnone <rrsvsstatestreet@gmail.com>
**Sent:** Tuesday, March 17, 2026 12:46 PM
**To:** Nadich, Aaron <anadich@nixonpeabody.com>
**Cc:** Hernandez, Damaris <dhernandez@nixonpeabody.com>
**Subject:** Re: RE: RE: My Motion for Reconsideration

Thank You

Richard Stagnone

7 Sprague Ave

Holbrook, MA 02343

781 510-0277

# United States Court of Appeals
## For the First Circuit

---

No. 24-1499

JOANNE WALSH,

Plaintiff, Appellant,

v.

HNTB CORPORATION,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

---

Before

Montecalvo, Rikelman, and Aframe
Circuit Judges.

---

Michaela C. May, with whom Zachary H. Hammond and Bennett & Belfort, P.C. were on brief, for appellant.

Mark C. Tatum, with whom Stephen I. Hansen and Shook, Hardy & Bacon were on brief, for appellee.

---

March 13, 2026

---

**AFRAME, <u>Circuit Judge</u>.** Joanne Walsh worked for many years as an information technology ("IT") employee for HNTB Corporation in its Boston, Massachusetts office. In August 2019, the company placed Walsh on a three-month performance improvement plan ("PIP") that she successfully completed. About ten months later, Walsh resigned. She then sued HNTB alleging, inter alia, that the company committed unlawful age discrimination, primarily by placing her on the PIP and then constructively discharging her.

The district court granted HNTB summary judgment on the grounds that no reasonable factfinder could conclude that the PIP constituted an adverse employment action or that Walsh resigned in circumstances that constituted a constructive discharge. Walsh appealed. In response, HNTB challenged the timeliness of the appeal and defended the judgment on the merits. We conclude that the appeal is timely and affirm the judgment.

**I.**

We start with the timeliness issue. HNTB contends that we cannot hear this appeal because Walsh belatedly filed her notice of appeal. We describe the relevant procedural facts and then explain why Walsh's appeal is timely.

On December 21, 2023, the district court granted summary judgment for HNTB. Following the judgment, Walsh's trial counsel stopped the representation. On January 19, 2024, within the thirty-day period to file an appeal, see 28 U.S.C. § 2107(a); Fed.

- 2 -

R. App. P. 4(a)(1)(A), Walsh moved pro se to extend the notice-of-appeal deadline because she needed more time to find new counsel. The court granted that motion and allowed Walsh until March 29, 2024, to file her notice of appeal. Walsh subsequently asked for two more extensions, each of which the court granted. She filed her formal notice of appeal on May 15, 2024.

The crux of HNTB's argument is that Walsh's January 19 motion to extend the notice of appeal deadline was her only timely extension request under 28 U.S.C. § 2107 and Federal Rule of Appellate Procedure ("Rule") 4. See Fed. R. App. P. 4(a)(1)(A). According to HNTB, since Walsh did not file a notice of appeal within the additional time granted pursuant to that request, her May 15 notice of appeal was ineffective. Walsh responds that we should treat her January 19 motion as the functional equivalent of a notice of appeal and thus deem her appeal timely. We agree with Walsh.

Rule 3(c) requires a notice of appeal to contain three pieces of information, which we soon will detail. See Fed. R. App. P. 3(c)(1). The Rule also cautions that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal." Id. at 3(c)(7).

Based in part on this latter provision, courts "liberally construe" Rule 3. Smith v. Barry, 502 U.S. 244, 248 (1992). Thus, regardless of how a filing is styled, it will

- 3 -

constitute the "functional equivalent" of a notice of appeal "[i]f [the] document [was] filed within the time specified by Rule 4 [and] gives the notice required by Rule 3." Id. at 248-49. In determining whether a particular filing satisfies Rule 3, we are mindful of the "latitude" given to "pro se litigant[s]." Campiti v. Matesanz, 333 F.3d 317, 320 (1st Cir. 2003).

A motion to extend the notice of appeal deadline may serve as the functional equivalent of a notice of appeal if, among other things, it is filed within the time allotted to file such a notice. Cruzado v. Alves, 89 F.4th 64, 71-73 (1st Cir. 2023). There is no dispute that Walsh filed her January 19 motion within the initial thirty-day period allotted for filing a notice of appeal. See 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1). Thus, the remaining question is whether the motion evinces an intent to appeal and contains the "pertinent information" required by Rule 3(c)(1). Cruzado, 89 F.4th at 72 (quoting Campiti, 333 F.3d at 320). In making those determinations, we rely on "the filing's content and surrounding circumstances rather than on any general rule." Id. at 70 (quoting Campiti, 333 F.3d at 320) (citation modified).

First, Walsh's motion demonstrates an intent to appeal. A motion to extend the notice of appeal deadline indicating only that a litigant is considering an appeal does not suffice. Cruzado, 89 F.4th at 71. But Walsh's motion does more than that.

- 4 -

She stated that she needed an extension because her "(former) attorney [told her] . . . that their firm does not handle appeals" and she was "actively searching for a firm to represent [her]" on appeal. We understand this statement to indicate Walsh's intent to appeal once she retained counsel, thereby satisfying the first step in the functional equivalent analysis. See Campiti, 333 F.3d at 320 (concluding that a request for appointment of appellate counsel, after trial counsel withdrew, "evidences an intention to appeal").

Walsh's motion also contains the "pertinent information" required by Rule 3(c)(1). Cruzado, 89 F.4th at 72 (quoting Campiti, 333 F.3d at 320). Under that Rule, a proper notice of appeal must name the parties taking the appeal, the court to which the appeal is being made, and the judgment or order from which the appeal is being taken. Fed. R. App. P. 3(c)(1). Walsh's motion meets the first Rule 3(c)(1) requirement because the caption identifies her and HNTB. See Cruzado, 89 F.4th at 72. In addition, Walsh's motion satisfies Rule 3(c)(1)'s appeal-location requirement even though it does not expressly identify this Court as the appeal's destination. Walsh sought to appeal a judgment from the District of Massachusetts in an employment case that could only be appealed to this Court. We have held that the failure to expressly mention this Court is not fatal where it is the only appropriate appellate venue. Id.; Campiti, 333 F.3d at 320.

- 5 -

Walsh's motion also adequately references the judgment she sought to appeal. See Fed. R. App. P. 3(c)(1)(B). While Walsh's January 19 filing does not expressly mention the order granting summary judgment, it does mention the case's docket number. A review of the docket indicates that the summary judgment order was the only substantive ruling in the case. And it also shows that the district court issued a final judgment shortly after its summary judgment ruling, which means that any interlocutory orders merged into that judgment. See Gonpo v. Sonam's Stonewalls & Art, LLC, 41 F.4th 1, 10-11 (1st Cir. 2022) (citing Fed. R. App. P. 3(c)(4)). We have concluded previously that a litigant met this final Rule 3 requirement in similar circumstances. See Cruzado, 89 F.4th at 72-73.

In sum, Walsh filed a timely motion to extend the notice of appeal deadline. It indicated her intent to appeal and contained sufficient information to meet Rule 3's requirements. Especially given the solicitude we afford Walsh as a then-pro se litigant, we are satisfied that her January 19 motion was the functional equivalent of a notice of appeal. The appeal is thus timely, and so we proceed to its merits.[1]

---

[1]    Walsh also argues that even if her January 19 request for an extension of time was not the functional equivalent of a notice of appeal, we should still find her formal notice of appeal timely because the district court appropriately granted equitable tolling of the filing deadline for her notice of appeal. See Hamer v. Neighborhood Servs. of Chi., 583 U.S. 17, 22-24 (2017). We do

- 6 -